■ BUFFALO SAVINGS BANK, Respondent, v. EDWARD M. DUNAJ et al., Appellants.— Order affirmed, without costs. Memorandum: Respondent Buffalo Savings Bank commenced a foreclosure action against appellants, Edward M. Dunaj and Renee C. Dunaj, on November 17, 1971 on premises known as 147 Findlay Avenue in the Town of Tonawanda, Erie County, New York. Appellants claim that they were unable to afford counsel to defend the action, and that they were unsuccessful in their attempt to secure free counsel through the Erie County Bar Association and the Legal Aid Society. Consequently, appellants prepared their own pleadings and on December 8, 1971 each filed an answer denying each and every allegation of the complaint. Respondent moved for summary judgment, which was granted on January 28, 1972 over the request of appellants for a continuance to enable them to renew their quest for legal assistance. A final judgment of foreclosure and sale was granted on February 15, 1972 and the sale of the premises was held on March 22, 1972. Upon the sale 20 bids were made and the property was sold to one William E. Pfeil for the sum of $17,900. This resulted in a surplus of $3,454.11 over the amount due respondent mortgagor. Appellants were not represented by counsel throughout the sequence of events described above, including the foreclosure sale. The Dunajs, who are now represented by assigned counsel, admit that they have no meritorious defense to the foreclosure action. It is their sole contention, however, that had they been represented by counsel at the sale, they might have found a purchaser for the propery who would have paid a price higher than the $17,900 received from Mr. Pfeil. Appellants assert that as indigent civil litigants, they are guaranteed legal counsel under both the due process and equal protection clauses of the Fourteenth Amendment, and, therefore, the sale should be set aside and a new sale ordered at which time they would be represented by court assigned counsel. Appellants have retained possession of the premises in question and to date have paid a total of $3,600 into court for the purpose of paying $300 a month occupational rent to Pfeil, as security against any damage to the premises done by the Dunajs, and to provide for the cost of a resale of the premises in the event the Dunajs are successful in this appeal. As of the date of the argument of the appeal, $3,300 has been paid by the court to Mr. Pfeil as occupational rent, leaving a net

balance in the amount of $300. Upon oral argument appellants' counsel stated that if this court would vacate the foreclosure sale and order a new one, appellants would add to the cash bond held by the court sufficient money to cover the following obligations: to pay the purchaser all due occupational rent, to compensate respondent bank for all expenses and disbursements in connection with the foreclosure proceedings and to pay such additional amounts as would be required to pay appellants' creditors who have already received payments out of the sale surplus money. Appellants' attorney stated that he would within five days of the argument, which was May 14, 1973, file with the court, and serve on respondent's attorneys, a letter agreement containing the provisions stated in his oral offer. Nothing was received from appellants' attorney until June 11, 1973 when a letter was received stipulating only that appellants, in the event of resale, would start the bidding at $17,900. A second letter was received on June 14, 1973 stating, without any supporting opinion, that the value of the premises is $26,500. No document has been received from appellants or their attorney embodying the stipulation made by appellants' counsel upon argument. Respondent has filed with this court and served upon appellants' attorney the affidavit of DeWitt Clinton, one of respondent's attorneys, containing a transcript of the record of the Erie County Clerk's office relating to appellants. It shows that, in addition to the sum of $2,712.50 paid to Silverberg and Yood, appellants' creditors, out of the $3,454.11 surplus money which resulted from the foreclosure sale, during the period from April 21, 1972 to April 14, 1973 eight judgments totaling $23,955.72 have been entered against appellants and " that each of the above judgments is still open and unsatisfied ". It is of interest that one of these judgments in the sum of $5,017.50 was entered by appellants' assigned counsel on a confession of judgment by appellant Edward M. Dunaj showing it to be for legal fees and disbursements rendered on this appeal. We take judicial notice of these records of the County Clerk. In light of the above facts, the court fails to see how a second foreclosure sale would in any way benefit appellants. In addition, it is apparent from the judgments outstanding against the Dunajs and from the failure of their counsel to submit an agreement in the terms stipulated by appellants' counsel upon argument, that vacating the foreclosure sale and granting a new sale would be of no benefit to appellants. Since appellants admit that they have no meritorious defense to the foreclosure action, and in view of the futility of vacating the foreclosure sale and ordering a new one, we do not reach the interesting question of whether or not an indigent litigant has a constitutional right to assigned counsel in a civil matter. This decision, therefore, should not be interpreted as an opinion either in favor of or opposed to an indigent's right to counsel in civil litigation. All concur, Witmer, J., in result only. (Appeal from order of Erie County Court, denying motion to set aside foreclosure sale.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Cardamone, JJ.